IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWANNA ARMSTEAD,<br><br>     Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD,<br><br>     Defendant. | **8:21CV183**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  Plaintiff's Complaint alleges only that: "I was discriminated against by my employer due to my age, race, and disability. Union Pacific decided to violate the laws denying my right to work without my rights being violated not allowed me return to work." (Filing 1 at CM/ECF p. 4, Statement of Claim.)

  In her charge of discrimination filed with the Nebraska Equal Opportunity Commission[1] ("NEOC") on August 30, 2019—which is attached to the Complaint—Plaintiff claims race, color, and age discrimination and retaliation, alleging that she was a 64-year-old African-American female who was required to perform extra work for which she was not qualified due to the merger of two positions. When Plaintiff asked

---

[1] The court may consider allegations contained in exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1014-17 (N.D. Iowa 2011) (court can consider factual allegations in NEOC charge that was attached to federal-court complaint in deciding motion to dismiss for failure to state claim).

questions about how to perform her new responsibilities, her employer "threatened" her "for making errors or mistakes," but refused to train her. Although unclear, Plaintiff seems to allege that a fellow white employee who was over 50 years of age was treated differently.[2]

Plaintiff alleges that she "moved over to the north side on February 9th because I knew if [I] stayed on the south side, they would continually pick on me. No one else was treated the same way I was. I am still continually being forced to work the T3 combination desk and being called to work overtime." (Filing 1-1 at CM/ECF p. 2.) Plaintiff claims her performance was satisfactory. (*Id.*)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[2] Plaintiff's charge of discrimination states: "Mary Headly (crew dispatcher, late 50's, white) bid to the T7 combination desk on 3rd shift and also on T3 combination on first shift. She actually trained three times or so on the T3 desk but never qualified or was forced to qualify even though she bid and owned those desks. I did not bid on the T3 desk, yet they will not release me. She also claimed no access to T1/T7 2nd shift and it was awarded. And she asked to be released from T3 first shift and it was allowed and she did not have to qualify." (Filing 1-1 at CM/ECF p. 2.) It is not clear what "desks" are; how one qualifies for, bids on, or owns such desks; or how one has "access" to or is "awarded" certain shifts.

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment-discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff's Complaint mentions unlawful discrimination based on her race, age, and disability, which might be redressed under federal or state statutes, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (prohibiting employment discrimination because of race, color, religion, sex, or national origin); the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. § 621 *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; the

Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.* (prohibiting employment discrimination because of race, color, religion, sex, disability, marital status, or national origin); or the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. § 48-1001 *et seq.*

While a plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint, Plaintiff's conclusory statement in her Complaint that her employer "discriminated against" her is not sufficient to state a plausible claim for relief. She must offer more than unadorned accusation, *Iqbal*, 556 U.S. at 678, and must provide more than labels and conclusions—a formulaic recitation of the elements of a cause of action will not suffice, *Twombly*, 550 U.S at 555. *See also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.") (internal quotation marks and citations omitted).

Further, Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. NEOC Charge

Even if the court looks beyond Plaintiff's Complaint and considers the factual allegations contained in her NEOC charge of discrimination, she still fails to state a claim upon which relief can be granted.

4

**1. Race Discrimination**

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges she was discriminated against based on her race. Discrimination "because of" one's race means that "a particular outcome would not have happened 'but for' the purported cause"—which here is Plaintiff's race. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020). "When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision. So long as the plaintiff's [race] was one but-for cause of that decision, that is enough to trigger the law." *Id*.

The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible. To state a prima facie claim of race or color discrimination, Plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of intentional discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011); *see also Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019); *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011).

As to the third element,

> [a]n adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. However, minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action.

5

*Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (internal citation omitted) (plaintiff failed to show adverse employment action when she suffered no termination, cut in pay or benefits, or changed job duties or responsibilities).

As to the fourth element, "[t]he required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye*, 641 F.3d at 1019 (internal quotation marks and citations omitted); *see also Lucke*, 912 F.3d at 1087 (discussing qualities of "similarly situated" comparators).

Here, Plaintiff has not alleged facts indicating that she has suffered an adverse employment action. She does not allege that she was terminated, constructively discharged, received a cut in pay or benefits, or that changes in her position have affected her future career prospects. Rather, she alleges that she involuntarily received additional work she was not qualified to perform due to two positions being combined; her new position required her to perform overtime hours; and she eventually "moved over to the north side" to avoid being "picked on." While Plaintiff experienced what were perhaps "unpalatable or unwelcome" changes to her employment, she does not allege facts rising to the level of an adverse employment action.

Further, assuming Plaintiff did experience an adverse employment action, there are insufficient factual allegations raising an inference of intentional race discrimination, other than Plaintiff's conclusory statement that she has "been discriminated against . . . on the bases of race, color . . . ." (Filing 1-1 at CM/ECF p. 1.) Plaintiff appears to be hinting at such intentional discrimination by comparing the treatment she received to her employer's treatment of Mary Headly. (Filing 1-1 at CM/ECF p. 2.) However, the confusing factual allegations involving Headly fail to suggest that she was "similarly situated [to Plaintiff] in all relevant respects"—that is, whether she possessed "all the relevant characteristics the plaintiff possesses except for the characteristic about which the plaintiff alleges discrimination." *Lucke*, 912 F.3d at 1087. For example, it is unclear whether Headly held the same position as Plaintiff, was

6

subject to the same job merger as Plaintiff, had the same supervisor as Plaintiff, and had the same seniority level as Plaintiff—all relevant factors in determining whether Headly was similarly situated to Plaintiff.

Although Plaintiff's Complaint fails to state a race-discrimination claim upon which relief can be granted, I shall grant Plaintiff leave to file an amended complaint to correct such insufficiencies.

### 2. Age Discrimination

Plaintiff asserts an age-discrimination claim under the ADEA. The ADEA protects individuals over 40 years of age and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) she is over 40 years of age; (2) she met the applicable job qualifications; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the class were treated more favorably. *Anderson*, 606 F.3d at 523; *see also Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021).

"The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176-78 (2009); *Canning*, 995 F.3d at 611.

As with her race-discrimination claim discussed above, Plaintiff has failed to allege facts suggesting that she suffered an adverse employment action. Further, the co-worker she alleges was treated more favorably was over 50 years old, indicating that

any unfavorable treatment to which Plaintiff was subject, as compared to the co-worker, was *not* based on age. I shall grant Plaintiff leave to file an amended complaint to allege facts stating an age-discrimination claim if such facts exist.

### 3. Disability Discrimination

Because Plaintiff's NEOC charge of discrimination did not mention disability discrimination, she has failed to administratively exhaust this claim, and this court cannot consider it. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (when plaintiff's EEOC charge only included race- and sex-discrimination claims, her age-discrimination and retaliation claims were unexhausted and were properly dismissed); *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (in order to properly exhaust employment-discrimination claims brought in federal court, plaintiff must file EEOC charge with respect to each alleged unlawful employment practice). Accordingly, this claim will be dismissed without leave to amend.

## IV. CONCLUSION

Plaintiff has not alleged facially plausible claims for age or race discrimination, and she is procedurally prohibited from bringing a disability-discrimination claim. However, the court on its own motion will give Plaintiff leave to file an amended complaint to allege age- and race-discrimination claims supported by sufficient truthful factual allegations. If an amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2); otherwise, the case will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's disability-discrimination claim is dismissed without prejudice as unexhausted.

2. On the court's own motion, Plaintiff shall have until **October 4, 2021**, to file an amended complaint that sufficiently alleges age- and race-discrimination claims upon which relief may be granted. Failure to file an amended complaint within the time

8

specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event Plaintiff files an amended complaint, Plaintiff shall include all of her allegations and claims in **one document**. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **October 4, 2021**: amended complaint due.

DATED this 3rd day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge